## PEOPLE *v.* GOITIA.

### APPEAL from the District Court of San Juan.

No. 55.—Decided February 8, 1904.

NEW TRIAL—CONFLICTING EVIDENCE—VERDICT.—A verdict of a jury will not be disturbed on appeal on the ground of conflicting evidence, if there is sufficient evidence to support the verdict.

CRIMINAL LAW—PRESUMPTION—CONSEQUENCES OF DELIBERATE ACTS.—It is a presumption of law that every person contemplates the natural consequences of his deliberate acts.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE—APPEAL.—On a motion for a new trial based upon the ground of newly discovered evidence, it is not only necessary to establish that the evidence has been recently discovered, but it is also necessary to prove to the satisfaction of the court that the party offering the same could not have discovered the existence of such evidence prior to the trial by the exercise of due diligence.

The facts are stated in the opinion.

*Ramos (Juan R.)*, for appellant.

*Mr. del Toro, Fiscal*, for respondent.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

The defendant in this case was charged with an assault with a deadly weapon, alleged to have been committed on the 24th of March, 1903. Six days thereafter the accusation was

ción fué presentada contra él, por el Fiscal de la Corte de
Distrito. En 1 de Abril se le exigió una fianza, y en cuatro
del mismo mes, se le leyó la acusación. En el día 16 de Junio
fué juzgado ante un Jurado, que le declaró culpable. En de-
bido tiempo fué sentenciado por la Corte á la pena de un año
y seis meses de presidio con trabajos forzados, y al pago de
las costas. Antes de dictarse la sentencia, el abogado de-
fensor presentó una moción pidiendo un nuevo juicio, sir-
viendo de base para la misma los siguientes fundamentos.
Primero, que el veredicto del jurado era contrario á la ley
y á la evidencia, y, segundo, que deseaba presentar nuevas
pruebas. Se desestimó la moción para un nuevo juicio, y se
dictó la sentencia, y se interpuso recurso de apelación á esta
Corte. Se presentan cuatro fundamentos para la revocación
de la sentencia. 1.—Que la prueba no era suficiente para
justificar al jurado en dar un veredicto de culpable, ni al Tri-
bunal, en condenar el prisionero al presidio. 2.—Que Viera,
el herido, provocó y cometió el asalto, y no el demandado.
3.—Que el revolver fué disparado accidentalmente en la con-
tienda que resultó entre las partes para su posesión. 4.—Que
se infringieron los siguientes estatutos: A.—Las secciones
11 y 12 del Código Penal, proveyendo que en todo delito es
menester que exista una unión de acción é intención y que
tal acción se manifiesta por las circunstancias relacionadas á
la ofensa, y la mente sana, y la discreción del acusado. B.—La
Sección 39 del Código de Enjuiciamiento Criminal que trata
de la defensa propia. C.—Que el veredicto del jurado in-
fringe las secciones 301 y 303 del Código de Enjuiciamiento
Criminal, y especialmente el párrafo 7 de la última; que el
veredicto del jurado es contrario á las pruebas, y particu-
larmente á las nuevas pruebas. D.—Que el demandado tiene
derecho al beneficio de la sección 236 del Código de Enjuicia-
miento Criminal, que declara la bien conocida doctrina que es
de presumirse inocente todo acusado hasta que se pruebe lo
contrario, y en el caso de que haya una duda razonable de su

presented against him by the *Fiscal* in the district court. On the 1st of April he was put under bond, and on the 4th of the same month he was arraigned. On the 16th of June he was tried before a jury and found guilty. He was in due course sentenced by the court to one year and six months imprisonment at hard labor in the penitentiary, and to the payment of the costs.

Previous to sentence his counsel made a motion for a new trial, based on two grounds: .

1. That the verdict of the jury was contrary to the law and the evidence; and

2. That he wished to present newly-discovered evidence.

This motion for a new trial was overruled and sentence was pronounced, from which an appeal was taken to this court.

Four grounds are presented here for the reversal of the judgment:

1. That the evidence was insufficient to justify the jury in finding a verdict of guilty, or the court in condemning the prisoner to the penitentiary.

2. That Viera, the injured party, provoked and committed the assault, and not the defendant.

3. That the revolver was discharged accidentally in the scuffle which ensued between the parties for its possession.

4. That the following statutes have been violated:

(a) Sections 11 and 12 of the Penal Code, providing that in every crime there must exist a union of act and intent, and that such action is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused.

(b) Section 39 of the Code of Criminal Procedure, which relates to self-defense.

(c) That the verdict of the jury violates sections 301 and 303 of the Code of Criminal Procedure, and especially

culpabilidad, está en el derecho de ser absuelto. Revisemos brevemente *seriatim* los extremos hechos á favor del demandado. De una vista cuidadosa de los autos en este caso, se verá que hay prueba amplia para justificar al jurado en dar el referido veredicto, y aunque alguna de la misma se estime contradictoria, es un precepto de ley bien establecido que en casos de pruebas contradictorias, cuando hay suficientes pruebas en que fundar la sentencia, el veredicto del jurado y la sentencia del Tribunal sentenciador, no se molestarán. Este precepto cubre los primeros tres extremos alegados por la defensa. En cuanto al cuarto, que alega una infracción de los estatutos. Primero: el intento está claramente demostrado por las circunstancias del caso, presumiéndose que todo acusado haya tenido la intención de producir las consecuencias de sus actos deliberados. Segundo: no hay nada absolutamente que demuestre la defensa propia en los hechos de esta causa. El acusado fué armado con un revolver, el agraviado sufrió la única herida que fué infligida. El jurado fué perfectamente justificado en desestimar tal alegato. Tercero: ni puede decirse tampoco que el veredicto del jurado era contrario á las pruebas, por las razones arriba citadas. En cuanto á las nuevas pruebas, es necesario, no solamente, que la prueba sea nuevamente conocida, sino que debe demostrarse á la satisfacción de la Corte que mediante diligencia razonable no se podría haber descubierto por la parte que la ofrece, antes de celebrar el juicio. Cuarto: es verdad que este demandado, como toda persona acusada, fué atendido durante todo el juicio por la presunción de que era inocente, pero los hechos establecen su culpabilidad fuera de toda duda razonable. Así es que ninguno de los extremos, ya de ley, ya de hecho, que han sido urgidos en favor del recurrente parecen ser bien fundados. Las instrucciones de la Corte no aparecen en los autos, y no se ha presentado queja respecto á ello. Él fué juzgado recta é imparcialmente, ante un jurado por él elejido. La sentencia parece ser perfecta-

paragraph 7 of the latter; that the verdict of the jury is contrary to the evidence, and particularly to newly-discovered evidence.

(d) That the defendant is entitled to the benefit of section 236 of the Code of Criminal Procedure, which announces the well-known doctrine that every accused person is presumed to be innocent until the contrary is proven, and in the case of a reasonable doubt of his guilt, is entitled to an acquittal.

Let us briefly review seriatim these points made in behalf of the defendant. From a careful examination of the record in the case it will be seen that there is ample evidence to justify the jury in the verdict rendered, and although some of it may be deemed contradictory, still it is a principle of law well established that in cases of conflicting evidence, where there are sufficient facts on which to base the judgment, the verdict of the jury and the sentence of the trial court will not be disturbed. This principle covers the first three points made for the defense.

In regard to the fourth ground alleging a violation of the statutes:

1. The intent is clearly shown by the circumstances of the case, every defendant being presumed to have intended the natural consequences of his deliberate acts.

2. There is nothing whatever to show self-defense in the facts of this case. The accused was armed with a revolver, the injured man suffered the only wound which was inflicted. The jury was perfectly justified in disregarding any such plea.

3. Nor can it be said that the verdict of the jury was contrary to the evidence for the reasons above stated. In regard to the newly-discovered evidence, it is necessary not only that the evidence should be newly-discovered, but that it should be shown to the satisfaction of the court that by reasonable diligence it could not have been discovered, by the party offering it, prior to the trial.

mente correcta y justa. Siendo mi opinión que el Tribunal no cometió error alguno, en la vista de la causa, y que la sentencia dictada en la misma está justificada por la ley y por los hechos, debe confirmarse la misma.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de esta causa.

---

EL PUEBLO *v.* BATTISTINI.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 1.—Resuelto en Febrero 10, 1904.

NOMBRAMIENTO DEL JUEZ SENTENCIADOR.—Cuando de los autos no apareciere por quién y en qué forma se hiciera el nombramiento del Juez que interviniera en el juicio, ha de presumirse que tal nombramiento se ha hecho por autoridad competente y con arreglo á ley.

JUECES DE FACTO.—VALIDEZ DE SUS ACTOS.—Si el nombramiento de un juez que hubiere intervenido en el juicio de una causa, no se hubiere hecho con arreglo á ley, tal juez lo sería *de facto,* y si su intervención no hubiere sido impugnada por ninguna de las partes, sus actos como tal Juez de facto, serían válidos y no podrían ser atacados esencialmente en un procedimiento colateral.

PLIEGO DE EXCEPCIONES.—EXPOSICIÓN DE HECHOS.—No habiendo en los autos pliego de excepciones, ni exposición de hechos, el Tribunal Supremo carece

4. It is true that this defendant, like every other accused person, was attended all through the trial by the presumption of innocence; but the facts establish his guilt beyond a reasonable doubt.

None of the points, either of law or of fact, which have been urged in favor of the appellant, appear to be well founded. The charge of the court does not appear in the record, and no complaint is made of it. He had a fair and impartial trial before a jury of his own selection. The judgment appears to be perfectly correct and just.

Believing that the trial court committed no error whatever in the trial of this case, and that the judgment rendered therein is justified by the law and the facts, it should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.